UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

NO. 24-30352

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNTRELL CRUTCHFIELD,

Defendant-Appellant

_____

CRIMINAL APPEAL FROM THE UNITED STATES DISTRICT COURT,
WESTERN DISTRICT OF LOUISIANA
CRIMINAL ACTION NO. 5:23-CR-00108

_____

ORIGINAL BRIEF FOR THE APPELLANT
JOHNTRELL CRUTCHFIELD

_____

CHARLES H. KAMMER, III
Bar No. 21658
300 Fannin Street Ste. 2199
Shreveport, Louisiana 71101
(318) 676-3310 Telephone
Pete_Kammer@fd.org
Attorney for Johntrell Crutchfield

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————————

NO.  24-30352

———————————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHNTRELL CRUTCHFIELD,

Defendant - Appellant

———————————————————————————————————

**CERTIFICATE OF INTERESTED PERSONS**

———————————————————————————————————

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned counsel of record certifies that the following persons have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**<u>Defendant - Appellant</u>**

Mr. Johntrell Crutchfield
La. Dept. Of Corrections Number 762843
Bossier Medium Security Facility
2984 Plain Dealing Road
Plain Dealing, Louisiana 71064

**Attorney for Appellant:**

Mr. Charles H. Kammer, III
Attorney for Johntrell Crutchfield
300 Fanin Street Ste. 2199
Shreveport, Louisiana 71101
(318) 676-3310 Telephone
Pete_kammer@fd.org

**Appellee:**

John Aaron Crawford, Assistant U.S. Attorney (district counsel)

Camille A. Domingue (appellate counsel)

Shreveport, Louisiana, this 12th day of August, 2024.

/s/ Charles H. Kammer, III
Charles H. Kammer, III, La. Bar No. 21658
300 Fannin Street Ste. 2199
Shreveport, Louisiana 71101
(318) 676-3310 Telephone
Pete@kandhlawoffice.com
Attorney of record for Johntrell Crutchfield

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Local Rule 28.2.4, oral argument is not requested.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................ iii

TABLE OF CONTENTS..........................................................................................iv

TABLE OF AUTHORITIES ....................................................................................v

STATEMENT OF JURISDICTION.........................................................................1

ISSUE PRESENTED FOR REVIEW .......................................................................2

STATEMENT OF THE CASE..................................................................................3

SUMMARY OF ARGUMENT .................................................................................5

ARGUMENT .............................................................................................................6
      Did the district court err in not taking into consideration under U.S.S.G. §
      5G1.3(d) factors that were attributed to the delay in the prosecution of the
      instant offense, including by not limited to, an increase in criminal history
      points along with the inability of Johntrell Crutchfield to participate in
      programs and receive credits towards his term of imprisonment?..................6

          A.   Standard of Review ........................................................................6

          B.   Discussion......................................................................................7

CONCLUSION ........................................................................................................11

CERTIFICATE OF SERVICE ...............................................................................12

CERTIFICATE OF COMPLIANCE WITH RULE 32 (a) ....................................13

# TABLE OF AUTHORITIES

## STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 3231 ................................................................................1

18 U.S.C. § 1349 ................................................................................1

28 U.S.C. § 1291 ................................................................................1

18 U.S.C. § 3742 ................................................................................1

U.S.S.G. § 5G1.3 ................................................................2, 5, 9, 10, 11

18 U.S.C. § 3553(a) ............................................................................6

## CASES

*Gall v.United States*, 552 US 38, 51 (2007) ..............................................6

*United States v. Gutierrez-Hernandez*, 581 F.3d 251 (5th Cir. 2009)......................6

*United States v. Peltier*, 505 F.3d 389 (5th Cir. 2007) ..................................6

*United States v.* Schultz, 88 F.4 1141 (5th Cir. 2023). ..................................6

*United States v. Yuoh*, 793 F. App'x. 826 (11th Cir. 2019)................................9

*United States v. Hernandez*-Serrano, 858 F. App'x. 695 (5th Cir. 2021) ...................9

*United States v. Lindsey*, 969 F.3d 136 (5th Cir. 2020) ..................................9

*United States. v. Booker/Fanfan*, 125 S. Ct. 738 (2005) ................................13

*United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) ............................13

*Rita v. United States,* 551 U.S. 338, 127 S. Ct. 2456 (2007)............................13

**STATEMENT OF JURISDICTION**

This matter originated in the United States District Court for the Western District of Louisiana. The district court's jurisdiction arose under 18 U.S.C. § 3231 as the United States alleged violations of federal criminal law, specifically, 18 U.S.C. § 1349. Jurisdiction of this Court is invoked under 28 U.S.C. § 1291 as an appeal from a final judgment of conviction and sentence in the United States District Court for the Western District of Louisiana and under 18 U.S.C. § 3742 as an appeal of a sentence imposed under the Fair Sentencing Act of 2010.

The final judgment of the United States District Court was imposed on May 16, 2024 and signed by the court on June 4, 2024. ROA.45. In accordance with Rule 4(b) of the Federal Rules of Appellate Procedure, a timely Notice of Appeal was filed on June 5, 2024. ROA.51.

This is the direct appeal of Johntrell Crutchfield's sentence. As such, jurisdiction to review the sentence is provided by 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**ISSUE PRESENTED FOR REVIEW**

Did the district court err in not taking into consideration under U.S.S.G. § 5G1.3(d) factors that were attributed to the delay in the prosecution of the instant offense, including by not limited to, an increase in criminal history points along with the inability of Johntrell Crutchfield to participate in programs and receive credits towards his term of imprisonment?

## STATEMENT OF THE CASE

On May 10, 2023, Johntrell Crutchfield was indicted for Conspiracy to Commit Wire Fraud. ROA.10-19. On or about June 2, 2023, Johntrell Crutchfield was taken into custody. ROA.46. The Indictment involved twenty-four (24) defendants and consisted of thirty (30) counts along with a Forfeiture Notice. ROA.10-19. Johntrell Crutchfield was listed in Count One for Conspiracy to Commit Wire Fraud and Count Four for Wire Fraud through the Paycheck Protection Program. ROA.10-19.

On November 13, 2023, Johntrell Crutchfield appeared before the district court and entered a plea of guilty to Count One of the Indictment. ROA.41. As part of his Plea Agreement, the Government agreed to dismiss Count Four. ROA.83. Following his guilty plea, a presentence investigation report (PSR) was prepared. ROA.100. The PSR calculated Johntrell Crutchfield's advisory guideline range to be 57-71 months, based on a total offense level of 18 and a criminal history category of VI. ROA.136. The Conspiracy to Commit Wire Fraud occurred from April 2020 through November 6, 2021. ROA.90.

On April 18, 2024, two objections were filed on behalf of Johntrell Crutchfield. ROA.145-146. The objection on appeal was raised under U.S.S.G. § 5G1.3. Prior to this Indictment, Johntrell Crutchfield had an undischarged term

of imprisonment wherein the dates of the instant offense and the prior offense overlapped. Johntrell Crutchfield pleaded guilty to his prior charge on July 27, 2022, in federal court for being a prohibited person with a firearm. ROA.130. He was sentenced to 50 months on December 6, 2022. ROA.130. The criminal conduct to support the conviction occurred on October 23, 2021. ROA.130, 147-150. His prior charge occurred approximately two weeks before the conclusion of the instant case. ROA.90, 149.

In the instant offense, Johntrell Crutchfield argued that his sentence should be reduced or run concurrently with the undischarged term of imprisonment. ROA.145-146. He based part of his argument on Application Note 4(E) to § 5G1.3(d). Under this Application Note, it is recommended that the court should consider a downward departure to ensure the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencing. The Court rejected the argument and ran the two terms of imprisonments consecutively. ROA.75.

## SUMMARY OF THE ARGUMENT

Johntrell Crutchfield had a federal undischarged term of imprisonment that occurred two weeks prior to the conclusion of this instant offense. ROA.90, 130, 147-150. In a perfect world, these two offenses would have been pleaded and sentenced at the same time. Due to the delay of the prosecution in the instant offense, Johntrell Crutchfield received a higher sentence and lost benefits through the Bureau of Prisons solely because of the delay. Under U.S.S.G. § 5G1.3(d), the district court has the discretion to sentence the instant offense partially concurrently, concurrently, or consecutively.

In deciding on how to sentence the defendant, the court may fashion a sentence which takes into consideration any factors that increased the defendant's sentence as a result of the timing of the separate prosecutions and sentencing. In this case, Johntrell Crutchfield received eight additional months on his term of imprisonment solely as a result of the timing of the instant prosecution. ROA.130, 131, 136. Additionally, he lost benefits through the Bureau of Prisons, such as the right to obtain a job, halfway house, etc. The district court abused its discretion when it failed to run the instant term of imprisonment concurrently with the prior term of imprisonment.

# ARGUMENT

**Standard of Review**

The review of a federal sentence on appeal is bifurcated. *Gall v. United States*, 552 U.S. 38, 51 (2007). The first part of the review is to determine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Under the first step, application of the Guidelines is reviewed *de novo*; factual findings, for clear error. *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 254 (5th Cir. 2009). If the district court's decision is procedurally sound, the substantive reasonableness of the sentence is then considered in the light of the § 3553(a) factors. *Id.* Substantive reasonableness is reviewed for abuse of discretion. *Id.*

Failure to object to either the procedural or substantive reasonableness of a sentence leads to plain error review. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). Since Johntrell Crutchfield objected to the relief he is seeking on appeal, the Court of Appeal reviews the district court's interpretation of Sentencing Guidelines de novo and its factual findings for clear error. *United States v.* Schultz, 88 F.4th 1141 (5th Cir. 2023).

## B. Discussion

Under Section 5G1.3, the district court was tasked with the obligation to determine if two federal sentences should run partially concurrently, concurrently or consecutively. U.S.S.G. § 5G1.3. The instant offense was committed prior to the defendant's undischarged term of imprisonment on another offense. ROA.90, 147-150. The two federal offenses did not share any relevant conduct nor was there any state sentence. ROA.90, 147-150. As such, Section 5G1.3(a), (b) and (c) do not apply. U.S.S.G. § 5G1.3.

Under Section 5G1.3(a), the sentences are to run consecutively if the instant offense was committed while the defendant was serving a term of imprisonment or after sentencing, but prior to the commencement of his term imprisonment. U.S.S.G. § 5G1.3(a). The defendant committed the instant offense from April 2020 through November 6, 2021. ROA.90. On the undischarged term imprisonment, Johntrell Crutchfield was sentenced on December 6, 2022, over a year after the instant offense occurred. ROA.151. As such, Section 5G1.3(a) is not applicable, and the court is not mandated to run the two term of imprisonments consecutively. U.S.S.G. § 5G1.3(a). The mandate under Section 5G1.3(a) makes sense, because a sentence should be consecutive if a defendant commits another offense after being sentenced, but prior to or during his imprisonment.

If Section 5G1.3(a) is not applicable and the two offenses share relevant conduct, then under Section 5G1.3(b); the court shall adjust the sentences for any term of imprisonment previously served or run the sentences concurrently. U.S.S.G. § 5G1.3(b). In this case, the undischarged term of imprisonment arose out of an offense committed by Johntrell Crutchfield for having a firearm by a prohibited person on October 23, 2021. ROA.147-150. The instant offense is conspiracy to commit wire fraud under the Payroll Protection Program. ROA.90. These two offenses do not share any relevant conduct. As such, Section 5G1.3(b) is not applicable, and the court is not mandated to run the two term of imprisonments concurrently. U.S.S.G. § 5G1.3(b).

Section 5G1.3(c) is identical to Section 5G1.3(b) with the exception that this paragraph applies to a state term of imprisonment that involves relevant conduct similar with the instant offense. U.S.S.G. § 5G1.3(c). Johntrell Crutchfield does not have a state term of imprisonment or an anticipated term of imprisonment involving similar relevant conduct. Section 5G1.3(c) does not apply in this case.

The remaining subsection of Section 5G1.3 states the following:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment.

U.S.S.G. § 5G1.3(d). As stated in the first line, paragraph (d) is only applicable if

the prior three paragraphs (a), (b) and (c), do not apply. *Id*. This paragraph is considered the "residual" provision. *United States v. Yuoh*, 793 F. App'x. 826 (11th Cir. 2019); *United States v. Hernandez-Serrano*, 858 Fed.Apx 695 (5th Cir. 2021); *United States v. Lindsey*, 969 F.3d 136 (5th Cir. 2020). Application Note 4 states that "in order to achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity" the court should consider all factors. U.S.S.G. § 5G1.3 cmt. n.4(A). *United States v. Hernandez*-Serrano, 858 F. App'x. at 695. The court should use its discretion to fashion a sentence of appropriate length and structure it to run in any appropriate manner to achieve a reasonable punishment for the instant offense. U.S.S.G. § 5G1.3 cmt. n.4(D). Under Note 4.E, the court has discretion in an extraordinary case to do a downward departure. U.S.S.G. § 5G1.3 cmt. n.4(E). Once again, the Guidelines are making it clear that a defendant should not do more time because of the "fortuity and timing of separate prosecutions and sentencings." U.S.S.G. § 5G1.3 cm. n.4(E).

On April 18, 2024, there was an objection made to the Presentence Investigation Report. ROA.145. The relief requested in the objection was for the court to run the two terms of imprisonment partially concurrent or concurrently. ROA.145. This objection was renewed by counsel at the sentencing hearing. ROA.67-76. As stated earlier, there was the instant conviction and a prior conviction. ROA.90, 147-150. The prior offense overlapped with the instant

9

offense, which occurred approximately two weeks before the prior offense concluded.   ROA. 90, 147-150.

The factual basis to support the objection is based on two grounds.   First, if the two offenses were plead and sentenced at the same time; Johntrell Crutchfield's sentences would have been significantly less.   Second, by serving two terms of imprisonments that overlap, Johntrell Crutchfield is prevented from participating in programs that not only prepare him for the future, but also give him significant benefits in the Bureau of Prisons and potentially program credits to reduce his term of imprisonment.

The district court agreed that section 5G1.3(d) was the appropriate provision to decide whether the sentences should run partially concurrently, concurrently or consecutively.   ROA.75.   However, the district court refused to give Johntrell Crutchfield a reduction on his sentences and ran both sentences consecutively. ROA.72.   The district court stated that the "the guilty pleas are separated by a good bit of time and the Court sees no reason to make the sentence concurrent." ROA.72.   The district court also stressed that the offenses were two separate acts. ROA.72.   The undersigned counsel would suggest that the inquiry under Section 5G1.3 has no bearing on whether the guilty pleas are close or distant in time.   As to the "two separate acts" referenced, generally subsection (d) only addresses separate acts.   If there is relevant conduct, then subsection (b) or (c) would be

applicable.   U.S.S.G. § 5G1.3.   The relevant inquiry under subsection (d) is that a defendant should not receive more time solely because of the "fortuity and timing of separate prosecutions and sentencings."   U.S.S.G. § 5G1.3 cmt. n.4(E).

In the instant offense, Johntrell Crutchfield's recommended guideline imprisonment range was 57 months to 71 months.   ROA.136.   He received a sentence of 71 months.   ROA.77.   Not only did the District Court not give Johntrell Crutchfield any difference due to the "fortuity and timing of separate prosecutions and sentencings" on offenses committed weeks apart; but the District Court gave him a sentence at the top of the guideline range.   ROA.77.

When considering the application of subsection (d) of U.S.S.G. § 5G1.3, a court should at a minimum, review the increase in a defendant's criminal history as a direct result of the "fortuity and timing of separate prosecutions and sentencings."   These factors have nothing to do with the nature of the instant crime, nature of the prior criminal offense, the defendant's criminal history or any other factor.   It is solely related to the delay in the prosecution.   In a perfect world, Johntrell Crutchfield would have pleaded and been sentenced at the same time for the two offenses.   If he pleaded at the same time, he would have received a recommended guideline imprisonment range of 51 to 63 month range as opposed to the 57 to 71 month range.   ROA.71-72.   In the proposed

guideline range, the District Court would not have counted the three (3) points he received from the prior offense, because he is being sentenced at the same time.

In this example, nothing else has changed. ROA.130. By removing the three points, he received from the prior offense, Johntrell Crutchfield's Criminal History Category dropped to V as opposed to VI. ROA.131, 136. Even in this example, the District Court is still able to sentence him at the top of the guideline range (63 months) for the reasons previously given.

The next issue the District Court should have considered is the effect of the delay in prosecution on Johntrell Crutchfield's progress at the Bureau of Prisons. After his first sentencing, it took Johntrell Crutchfield months of good behavior and programs to obtain a job at the prison. ROA.68-69. Immediately prior to starting his job, he was indicted on this old offense and immediately transferred to a parish jail for court. In addition to not getting a job, after working for a year, he would have been released to a halfway house to serve the remainder of his term of imprisonment. ROA.68-69. As of this month, he would have been in a halfway house. When he finally makes it back to the Bureau of Prisons, he will have to start the entire process over and due to the amount of time he spent in the parish jail, he may not qualify for a job and/or halfway house due to the time he has lost. ROA.68-69.

The same result can be reached by considering the reasonableness of the sentence. A sentence is lawful under the advisory guideline sentencing scheme if it is "reasonable." *United States. v. Booker/Fanfan*, 125 S. Ct. 738 (2005). On appellate review, a sentence within a properly calculated Guideline range is presumptively reasonable. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); see also *Rita v. United States*, 551 U.S. 338, 347, 127 S. Ct. 2456 (2007). A defendant may rebut the presumption of reasonableness by establishing that the district court failed to account for a sentencing factor that should have been accorded significant weight, gave significant weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

## CONCLUSION

For the above and foregoing reasons, this Court should vacate Johntrell Crutchfield's sentence and remand it to the district court for re-sentencing, taking into consideration the increase in criminal history points and any benefits he lost through the Bureau of Prison.

Respectfully submitted,

**s/    *Charles H. Kammer, III***

Charles H. Kammer, III, La. Bar No. 21658
300 Fannin Street Ste. 2199
Shreveport, Louisiana 71101
Phone: (318) 676-3310
E-mail: pete_kammer@fd.org
Attorney for Johntrell Crutchfield

# CERTIFICATE OF SERVICE

I hereby certify that a digital copy of the above and foregoing Original Brief for the Appellant has been served by electronic filing with the Clerk of Court's CM/ECF system on Counsel for the Government, Assistant United States Attorney Camille A. Domingue and Johntrell Crutchfield, La. Dept. Of Corrections Number 762843, Bossier Medium Security Facility, 2984 Plain Dealing Road, Plain Dealing, Louisiana 71064 via first class U.S. Mail.

I further certify that: 1) required privacy redactions have been made; 2) the electronic submission is an exact copy of the paper document; and 3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program.

Shreveport Louisiana, on this 12th day of August, 2024.

*s/ Charles H. Kammer, III*

_____
Charles H. Kammer, III
Attorney for Johntrell Crutchfield

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements.

1.   This brief complies with the page limitation of Fed.R.App.P. 28.1(e)(2) because this brief is **3,459** words and does not exceed 13,000 words.

2.   This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) because it is prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman typeface with a 14-point font.

3.   The undersigned understands that a material representation in completing this certificate, or circumvention of the type-volume limits in Fifth Circuit Rule 32.2.7, may result in the Court's striking the brief and imposing sanctions against the undersigned counsel.

*s/ Charles H. Kammer, III*

_____

**Attorney for Johntrell Crutchfield**

Dated: August 12, 2024